[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: July 24, 1992 Date of Application: August 21, 1992 Date Application Filed: August 24, 1992 Date of Decision: July 22, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford, Docket Numbers CR91-401691 and CR92-418734.
Brian J. Woolf, Esq., Defense Counsel, for Petitioner.
Paul Rotiroti, Esq., Assistant State's Attorney, for the State.
After a plea of guilty, petitioner was convicted of the crimes of conspiracy to commit murder in violation of General Statutes Sections 53a-54a and 53a-48 (a). On a separate file, petitioner was convicted of the crime of possession of narcotics in violation of Section 21a-279 (a).
On the first count, a sentence of twelve years was imposed and a concurrent sentence of three years was imposed on the narcotics charge. The total effective sentence was twelve CT Page 9529 years.
This offense arose out of the shooting of Hubert Pinnock, a young man who was found on the street suffering from gunshot wounds in the chest area. He was removed to a hospital where he died as a result of the gunshot wounds. Investigation revealed that petitioner, a narcotics dealer, had been robbed by Pinnock. As a result of this, petitioner and an associate proceeded to exact revenge on Mr. Carter. Petitioner was armed with a pistol, but evidence indicated that his associate fired the shots that caused the death of Mr. Pinnock.
Petitioner's attorney requested a reduction in sentence. He pointed out that the victim in this case had robbed petitioner and petitioner had never admitted shooting the victim. The attorney argued that the sentence imposed was disproportionate and unfair, particularly in view of the sentence imposed on the co-defendant who did the actual shooting. He also pointed out that there was no real evidence that petitioner was, in fact, a drug dealer.
Speaking on his own behalf, petitioner stated that he regretted his conduct and wished to return to his family.
The state's attorney argued against any reduction in sentence. He stated that the killing of Mr. Pinnock was a premeditated planned crime. He argued that the sentence was not excessive and that petitioner's crime resulted in a person being killed. The attorney also pointed out that petitioner received a sentence which was considerably less than the maximum agreed upon in the plea agreement.
Considering the seriousness of the offense in which a human life was taken, it cannot be found that the sentence imposed was inappropriate or disproportionate. The public must be protected from such conduct and the sentence imposed here was well under the maximum which could have been imposed for this offense.
Sentence affirmed.
Purtill, J.
Norko, J. CT Page 9530
Miano, J.
Purtill, J., Norko, J., and Miano, J. participated in this decision.